ELLIS, Judge.
Plaintiff filed this suit in which he seeks to recover the sum of $100.00 paid to the defendant, Bill Garrett Chevrolet Co., Inc., pursuant to a written “order” to purchase a used automobile from the Bill Garrett Chevrolet Company Inc., and for damages in the sum of $400.00 for failure of defendant to return the $100.00 deposit, and reasonable attorney fees.
The defendants admitted the written “order” to purchase wherein the plaintiff agreed to purchase a used, fully equipped Chevrolet Impala sedan automobile for the principal sum of $2205.00, on the terms of $100.00 pledged on advance deposit, $400.00 to be paid on the date of delivery of said vehicle, and the balance to be paid by the plaintiff in thirty monthly payments of $60.98 each, and further answering alleged that plaintiff signed an order where *775 by he agreed that if he did not take the vehicle ordered by him that his deposit would be forfeited as liquidated damages.
The District Court, for oral reasons assigned, dismissed the plaintiff’s suit at his cost, from which judgment the plaintiff had duly appealed.
The defendant, Bert Heckel, was a salesman in the employ of Bill Garrett Chevrolet Company, Inc., and acted only in this capacity in the attempted sale, of the car to plaintiff.. There is no legal basis alleged nor proven which would entitle plaintiff to any judgment against Bert Heckel. Accordingly, the judgment must be affirmed as to him.
The material facts necessary to a decision are simple and undisputed. On January 20th, 1962 plaintiff went to the Bill Garrett Chevrolet Company in Slidell, Louisiana, and signed an order to purchase a used 1961 Chevrolet automobile, with radio, heater, power-glide, windshield washers, white walled tires, and V-8 motor for the principal sum of $2205.00 and left a deposit of $100.00 on the order to apply on the cash portion of the purchase price. He was to pay $400.00 in cash on delivery of the car and for the balance plaintiff was to pay thirty monthly payments of $60.98 each which would have made the over all cost of the car $2329.40. All parties agreed that the unpaid balance was to be financed, if possible, through the National Bank of Commerce, and the salesman for Bill Garrett Chevrolet Company attempted to do this, but the bank demanded a co-signer. The salesman then contacted GMAC, a finance company, and they would only agree to finance the unpaid balance with thirty-six monthly payments of $72.47 each which would bring the over all cost of the automobile to $2608.92, or $319.52 more than plaintiff had agreed to pay as shown by the purchase order which is in the record. Plaintiff was informed of this fact on January 22nd, 1962 and immediately told the representative of the defendant company 'that he could not afford to pay that mujE-ít-. and demanded the return of his deposit'and', cancellation of the order, which was refused.
. The defendant company at no time offered" to go through with the purchase and sale order as written. The original and copy of the purchase order were written in pencil originally, tire copy given to the plaintiff and the original retained by the defendant company. The original, which was offered in evidence, had clearly been changed and the naught in “30” had been changed to a six with ink so that it read “36” monthly payments instead of 30 monthly payments as originally agreed between the parties, and the amount written in pencil was clearly shown to have been erased and in pen is written “$72.47”. Also, in ink has been written behind the words “chattel mortgage”, “GMAC” which is not contained on the copy written in pencil and given to the plaintiff at the time he signed the order. There is not even any contention made that the changes made on the original were done with the approval of the plaintiff. Clearly, under the terms of the purchase order the plaintiff agreed to purchase this automobile for $2205.00 of which amount $500.00 was to be paid in cash with a balance to be paid in thirty monthly installments of $60.98 each. There is nothing in the contract about anyone else financing the unpaid balance, and unless the defendant company was willing to carry out the terms of the original purchase order the plaintiff was not bound.
Plaintiff is therefore absolutely correct in his contention that the purchase order itself, which contains the following language at the bottom thereof, above the words “purchaser’s signature”: “THIS ORDER IS NOT BINDING UNTIL ACCEPTED BY DEALER”, was never a binding order because it was never accepted as written by the dealer. Plaintiff is also correct in this contention as the only acceptance made on behalf of the dealer was made on January-22nd, 1962 by a representative named Sci-acca on the original purchase order retained *776 by the company but which had been changed to 36 monthly payments of $72.47 each. There was never any acceptance of the purchase order that the plaintiff signed which provided for cash payment of $500.00 and the balance in 30 monthly payments of $60.98 each, nor was there ever any consent by plaintiff to a change in the original purchase order. There was no meeting of minds and no binding contract.
The defendant company also contends that the real reason the plaintiff did not go through with the purchase order was because he did not have the $400.00 and based this upon a written complaint made by plaintiff to the Better Business Bureau of Slidell, Louisiana, in which he says: “I went to see about buying a car. I left $100.00 and was supposed to bring $400.00 more as a down payment. After the deal wasn’t like Mr. Heckel (the salesman of defendant company) explained it to me, and I couldn’t get the other $400.00, I went to cancel the deal. * * This complaint was filed on February 18, 1962. The testimony shows that he was ready and willing to comply with his purchase order as written and that his father was ready and willing to pay the $400.00 cash until he was informed that he would have to pay for thirty-six months at $72.47 per month rather than as he had agreed to do for thirty months at $60.98 per month for the unpaid balance.
The defendant company attempts to retain the $100.00 deposit under the terms and conditions which have been made a part of the order and printed in nine paragraphs on the back of the order and covering the entire page. Under paragraph 1, the Chevrolet Motor Division of General Motors Corporation reserves the right to change the price to the dealer of new Chevrolet vehicles without notice, and in the event that the price to the dealer of the new car ordered is so changed prior to delivery to the purchaser, the delivered price to the purchaser would be changed accordingly. It further states that if the cash delivery price is increased, the purchaser may, if dissatisfied with such increased price, cancel this order. Then in Paragraph 3 it states that upon the failure or refusal of the purchaser to complete the purchase for any reason “other than cancellation, on account of increase in price. * * *, the cash deposit may be retained as liquidated damages. * * Paragraph 9 specifies that “in case of the car covered by this order is a used car, no warranty or representation is made as to the extent such car has been used, regardless of the mileage shown on the speedometer of said used car.”
Under the terms of the defendant company’s contract the plaintiff did exactly what he had a perfect right to do by can-celling on account of an increase in the price of the used car without suffering the loss of his cash deposit as liquidated damages.
 Plaintiff has proven no damages and legally is not entitled to attorney fees, as this is a suit for violation of a contract which does not provide for such fees, nor is any statute applicable which expressly provides for attorney fees. It is well settled that attorney fees cannot be recovered unless provided by contract or statute.
For the above and foregoing reasons, the plaintiff is entitled to a judgment and it is now ordered, adjudged and decreed that he have judgment against the Bill Garrett Chevrolet Company Inc., defendant herein, in the full sum of $100.00 with legal interest from judicial demand until paid.
It is further ordered that the judgment in favor of the defendant, Bert Heckel, dismissing plaintiff’s suit is affirmed, and that all cost of this suit and appeal are to be paid by the defendant, Bill Garrett Chevrolet Company, Inc.
Reversed in part and affirmed in part and rendered.